CASE 67.—ACTION BY JAMES NIXON AGAINST AUGUST OS-
SENBECK AND OTHERS.—October 6.

# Nixon v. Ossenbeck, &c.

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

From the judgment plaintiff's attorney appeals—
Appeal dismissed.

Attorney and Client—Attorney's Lien—Enforcement—Prosecution
of Appeal.—The attorney of a judgment creditor ·cannot
appeal from an order sustaining exceptions to the title of
land sold on execution under the judgment in the name
of the client at the client's expense,. and against his consent,
because of the attorney's lien on the judgment for fees.

CHAS. H. FISK for appellant.

## POINTS AND AUTHORITIES.

1. The whole of indivisible property must be sold to satisfy
a judgment, even if the property be homestead. (Kentucky
Statutes, 1075; Civil Code, 694; Hill, &c. v. Lancaster, &c., 88
Ky., 343; Sansberry v. Simms' Admr., 79 Ky., 528, 531, 532;
Loomis v. Gerson, 62 Ill., 13; Jones, et al. v. Gilbert, 135 Ill., 34;
Merritt v. Merritt, 97 Ill., 251; Boyd v. Cudderback, &c., 31 Ill.,
120; Smith v. Miller, et sex., 21 Ill., 158; Fishback v. Lane, 36
Ill., 439; Kusch v. Kusch, 143 Ill., 357; Kimbrough 'v. Harbett,
110 Ky., 96-98; Bitzer, &c. v. Mercke, 111 Ky., 306, 307; Hogg
v. Hensley, &c., 100 Ky., 724; Gowdy's Admr. v. Johnson, 104
Ky. 654, 655; Burch v. Atchinson, &c., 6 Ky. Law Rep., 636;
Crigler, &c. v. Connor, 10 Ky. Law Rep., 958; M'Adams v Mitchell,
10 Ky. Law Rep., 857, 858; Crout v. Sauter, 76 Ky., (1 Bush)
445, 446; Herbert, &c. v. Kenton B. & S. Association of Covington,
74 Ky., (11 Bush) 304; Hayden v. Robinson & Co., 83 Ky., 620,
621; Darnell, &c. v. Smith's Exrs., 17 Ky. Law Rep., 845; McTag-
gert, &c. v. Smith, Auditor, et al., 77 Ky., (14 Bush) 414.)

2. The judgment of sale of indivisible property binds all parties to the action. (Merriwether v. Sebree, &c., 65 Ky., (2 Bush) 234; Kimbrough v. Harbett, 110 Ky., 96, 98; Bitzer, &c. v. Mercke, &c., 111 Ky., 306, 307; Hogg v. Hensley, &c., 100 Ky., 724.)

3. Inchoate right of dower can only be determined after sale of property, and then can only be paid out of the proceeds of sale. The only basis for calculating the value of an inchoate right of dower is the purchase price, or amount bid for the property. (Lancaster v. Lancaster, 78 Ky., 198; Kentucky Statutes, Bowditch table, p. 1692; Merriwether v. Sebree, 65 Ky., (2 Bush) 234; Kimbrough v. Harbett, 110 Ky., 96-98; Bitzer, &c. v. Mercke, 111 Ky., 306, 307; Hogg v. Hensley, &c., 100 Ky., 724; Ward v. Crouty, &c., 26 Ky., (4 Met.) 60, 61; Rich v. Rich, 70 Ky., (7 Bush) 55; McTaggert v. Smith, Auditor, et al., 77 Ky., (14 Bush) 414; 2 Scribner on Dower, 6.)

4. The purchaser must pay bonds in full with interest from date of sale. (Haggin v. Montague, &c., 31 Ky. Law Rep., 408-411.)

5. Mary Ossenbeck did not except to the judgment or order of sale. She is bound thereby, and having been made a party and served with process, and having made no objection to the order of sale of the entire property, she is now estopped to question the same. (Merriwether v. Sebree, &c., 65 Ky., (2 Bush) 34; Kimbrough v. Harbett, 110 Ky., 96, 98; Bitzer, &c. v. Mercke, &c., 111 Ky., 306, 307; Hogg v. Hensley, &c., 100 Ky., 724.)

6. August Ossenbeck claimed homestead for himself, and inchoate right of dower for his wife. Neither husband nor wife excepted to the sale as made. The wife did not except to the judgment and order of sale as entered. Both are bound by that judgment. and by the sale made thereunder. (Snapp, &c. v. Snapp, &c., 87 Ky., 558; Harpending's Exrs. v. Wylie, &c., 76 Ky., (13 Bush) 160, &c.)

7. Inchoate right of dower is not an interest in land sold to satisfy a judgment, but is simply an interest in the proceeds of sale. (Malone v. Conn., &c.___Aims, &c. v. Same, 95 Ky., 96; Lancaster v. Lancaster's Trustees, 78 Ky., 198, 203; Kentucky Statutes, Bowditch table, p. 1692; Ward v. Crouty, &c., 26 Ky., (4 Met.) 60, 61; Jackson v. Potter, &c., 6 Ky. Law Rep., 518; Rich v. Rich, 70 Ky., (7 Bush) 55; Funk v. Walter, 6 Ky. Law Rep., 293, 297.)

8. Homestead and dower cannot both be allowed. (Kentucky Statutes, 1706; Holloway's Exrs. v. Harris, 6 Ky. Law Rep., 657; Freeman v. Mills, &c., 22 Ky. Law Rep., 861; Burch v. Atchinson,, 82 Ky., 555; Gasaway v. Woods, &c., 72 Ky., (9 Bush) 72.)

HERBERT JACKSON for appellees.

1. The motion of the appellant to dismiss the appeal must be sustained. The appellant never authorized the appeal as shown by his affidavit filed with the motion to dismiss. Appellant's counsel cannot take an appeal without the authority of his client.

2. Appellee Mary Ossenbeck not being a party to the suit prevented the passage of a good title to the purchaser, to the property sold, and does not bar her dower interest therein. (Ky. Statutes, 1705, 1706, 2134; Kincaid v. Wilson, 20 Ky. Law Rep., 1364; Hill v. Bourne, 9 Ky. Law Rep., 549; Lee v. Campbell, 8 Ky. Law Rep., 421.)

OPINION OF THE COURT BY JUDGE BARKER—Dismissing appeal.

The appellant, James Nixon, recovered a personal judgment against the appellee August Ossenbeck, in the Kenton circuit court, upon which an execution issued which was levied upon a house and lot in Kenton county as the property of Ossenbeck. The property was sold under this execution and purchased by the plaintiff, Nixon, at execution sale for $100. The execution was returned "No property found" as to the balance of the judgment, and thereafter this action was instituted in equity to enforce the payment of the remainder. Attachment issued and was levied upon the same land sold under the execution. There was a mortgage claim upon the land, and the defendant Ossenbeck had a right of homestead therein. Such proceedings were had thereafter that a judgment was rendered by the chancellor sustaining the attachment for the sum of $363.50, with interest at the rate of 6 per cent. per annum from June 1, 1887, until paid, and $136.45 costs, subject to a credit of $100 as of April 28, 1890, enforcing the lien upon the land for the amount stated, and ordering a sale by the master commissioner. Afterwards a sale

of the property was made by the commissioner under the foregoing decree, and appellee A. V. C. Grant purchased it for the sum of $1,875. The sale was reported by the commissioner to the court, and thereafter the purchaser filed exceptions to it on the ground that the defendant Ossenbeck's wife had not been made a party to the action and had an inchoate right of dower in the property, and that he, therefore, could not obtain a good title thereto. This exception was sustained by the court, the sale set aside, and the purchaser released from his purchase bonds. From this order this appeal is prosecuted.

After the record was lodged in this court, the appellees filed the affidavit of the appellant, James Nixon, in which he sets forth that the appeal from the order setting aside the sale was prosecuted in his name without any right or authority so to do, and that he does not wish to prosecute it further, but directs that it be dismissed. He further says that the purchaser, Grant, bid in the property at his (Nixon's) request, and in order that his (Nixon's) interest might be protected, and that he does not desire his friend to be entangled in any litigation on his account. The attorney for appellant insists that he has a right to prosecute this appeal in the name of James Nixon because he has a lien upon the judgment for the fees due him. It seems to us clear that the attorney cannot prosecute this appeal in the name of his client at the client's expense and against his consent. It is not necessary to decide now what remedy the attorney may have as to his fee; but Nixon is the only person who appears upon the record as appellant, and he has a right to decide whether or not the appeal shall be prosecuted in his name and at his expense.

For these reasons, the motion to dismiss the appeal must be sustained; and it is so ordered.